NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 1 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASON ANDREW SMITH, | No.    17-15252 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-01662-LJO-MJS |
| v. | |
| JOHAL; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted May 24, 2017[**]

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Jason Andrew Smith, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various constitutional violations in connection with his shoulder injury. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wilhelm v. Rotman*, 680

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)).  We affirm in part, vacate in part, and remand.

The district court properly dismissed Smith's deliberate indifference claims against defendants Johal, Zepp, and Klang because Smith failed to allege facts sufficient to show that these defendants were deliberately indifferent to Smith's shoulder injury and pain.  *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (deliberate indifference is a high legal standard; a difference of medical opinion concerning the course of treatment, negligence, or medical malpractice does not amount to deliberate indifference).

However, dismissal of Smith's deliberate indifference claim against defendant Youssef was premature because Smith's allegations regarding the delay in his physical therapy, liberally construed, are "sufficient to warrant ordering [this defendant] to file an answer."  *Wilhelm*, 680 F.3d at 1116.  We vacate the dismissal of Smith's deliberate indifference claim regarding the delay in his physical therapy as to defendant Youssef, and remand for further proceedings.

**AFFIRMED in part, VACATED in part, and REMANDED.**